IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**MICHAEL R. VALLIERE**                                                                                    **PLAINTIFF**

v.                                                                         **CIVIL ACTION NO. 2:21-cv-68-TBM-LGI**

**COMMISSIONER OF SOCIAL SECURITY**                                                  **DEFENDANT**

**ORDER GRANTING MOTION FOR ATTORNEY FEES**

Now before the Court is the Plaintiff's Motion for Attorney Fees [12] under the Equal Access to Justice Act, 28 U.S.C. § 2412(a) and (d), which is unopposed by the Commissioner. For the reasons discussed below, the Court finds that the Plaintiff's Motion for Attorney Fees [12] should be granted.

**I. ANALYSIS**

The Equal Access to Justice Act ("EAJA") provides that a court "[s]hall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States." 28 U.S.C. § 2412(d)(1)(A). Such fees and expenses shall not be awarded, however, if "the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." *Id*.

Before a court awards attorney's fees pursuant to the EAJA, "three statutory conditions must be satisfied." *Myers v. Sullivan*, 916 F.2d 659, 666 (11th Cir. 1990) (citation and quotation marks omitted). First, Section 2412(d)(1)(B) provides that a claimant "shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses." 28 U.S.C. § 2412(d)(1)(A). Second, the claimant must show they are "a prevailing party and is

entitled to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney . . . representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed." *Id*. "Finally, if the claimant is a prevailing party who timely filed an EAJA fee application, then the claimant is entitled to receive attorney's fees unless the government can establish that its positions were substantially justified or that there exist special circumstances which countenance against the awarding of fees." *Myers*, 916 F.2d at 666 (citation and quotation marks omitted).

**A. Timeliness**

"An application for attorney's fees under the EAJA shall be submitted 'within thirty days of final judgment in the action.'" *Pierce v. Barnhart*, 440 F.3d 657, 661 (5th Cir. 2006) (quoting 28 U.S.C. § 2412(d)(1)(B)). A "final judgment" as defined by the EAJA is "a judgment that is final and not appealable." 28 U.S.C. § 2412(d)(2)(G). The Supreme Court has explained that a "final judgment" for purposes of Section 2412(d)(1)(B) is "a judgment rendered by a court that terminates the civil action for which EAJA fees may be received." *Melkonyan v. Sullivan*, 501 U.S. 89, 96, 111 S. Ct. 2157, 115 L. Ed. 2d 78 (1991). The Supreme Court has also explained that in *sentence four* cases, the thirty-day EAJA clock "begins to run after the time to appeal that 'final judgment' has expired." *Melkonyan*, 501 U.S. at 96. "In suits to which a federal officer is a party, the time for appeal does not end until 60 days after the entry of a Rule 58 judgment." *Freeman v. Shalala*, 2 F.3d 552, 554 (5th Cir. 1993); *Baez v. Comm'r of Soc. Sec.*, 760 F. App'x 851, 854 (11th Cir. 2019) ("Because a United States officer is a party to this action, the government had 60 days to appeal after entry of judgment."). Thus, in such cases, a party has 30 days after this 60-day time period to seek an EAJA award of fees.

2

Case 2:21-cv-00068-TBM-LGI   Document 14   Filed 09/29/23   Page 3 of 6

Here, the Court entered its *sentence four* order remanding this action to the Commissioner for further proceedings on April 26, 2022. Because the Commissioner did not file an appeal within 60 days, the Plaintiff's 30-day time limit began to run on June 26, 2022. *See SandOval v. Comm'r, Soc. Sec.*, No. 5:10-cv-81, 2020 WL 10051750, *2 (S.D. Tex. Aug. 20, 2020). Thus, the Plaintiff had until July 26, 2022, to file his EAJA application for attorney's fees. Accordingly, the Plaintiff's Motion for Attorney Fees is timely.

**B. Prevailing party and fees requested**

The Court remanded this action to the Commissioner for further proceedings pursuant to *sentence four* of § 405(g), which "meets the description of a 'prevailing party.'" *Shalala v. Schaefer*, 509 U.S. 292, 293, 113 S. Ct. 2625, 125 L. Ed. 2d 239 (1993); *Breaux v. U.S.D.H.H.S.*, 20 F.3d 1324, 1324 (5th Cir. 1994) (per curiam). Within the Motion, the Plaintiff asserts, and the Commissioner does not dispute, that the requested hourly rates and the total hours expended by Plaintiff's counsel are reasonable. Based on an independent review, the Court agrees.

Plaintiff's counsel spent 16.6 hours working on this case—3 hours in 2021 and 13.6 hours in 2022—which is within the range of time reasonably expended in similar cases. *See Reese v. Saul*, No. 4:19-cv-2787-SSS, 2021 WL 2188686, at *2 (S.D. Tex. Apr. 1, 2021) ("[C]ourts typically award between 30 and 40 hours of work for Social Security appeals."); *see also Mesecher v. Berryhill*, No. 4:15-cv-895-BL, 2017 WL 4417682, at *2 (N.D. Tex. Oct. 3, 2017) (collecting cases). Plaintiff's counsel also requests fees for 6.9 hours of paralegal services—4.1 hours in 2021 and 2.8 hours in 2022. This request is also reasonable. *See Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 590, 128 S.Ct. 2007, 170 L.Ed.2d 960 (2008) (holding that "a prevailing party that satisfies EAJA's other requirements may recover its paralegal fees from the Government at prevailing market rates.").

3

As for the hourly rate, Plaintiff's counsel requests the standard EAJA rate of $125.00 and an upward adjustment for cost of living, as permitted by 28 U.S.C. § 2412(d)(2)(A). [12-2], pg. 2; 28 U.S.C. § 2412(d)(2)(A) (authorizing higher rate if "an increase in the cost of living or special factor . . . justifies a higher fee"); *Nkenglefac v. Garland*, 64 F.4th 251, 255 (5th Cir. 2023) (endorsing cost-of-living adjustments to EAJA rate). To determine the appropriate cost of living adjustment, the Fifth Circuit recently applied the Consumer Price Index ("CPI") compiled by the U.S. Bureau of Labor Statistics. *Nkenglefac*, 64 F.4th at 255. There, the Fifth Circuit applied the "CPI-U for the South as calculated by the government relying upon U.S. Bureau of Labor statistics" which provides a rate of "[$206.75 for 2021] and $220.66 for 2022.[1]" *Nkenglefac*, 64 F.4th at 255.

According to the Plaintiff, however, the appropriate CPI attorneys' fees rate for this court is $206.70 for 2021 and $220.66 for 2022, and is the rate requested here. [12-2]. Under these rates, Plaintiff counsel requests $620.10 for time in 2021 and $3000.98 for time in 2022 for a total amount of $3,621.08. [12-2], pg. 2. Because the hourly rate requested for each year is less than or equal to the CPI-adjusted rates recently applied by the Fifth Circuit, the Court finds the total fee of $3,621.08 is reasonable. *See Ferrel v. Kijakazi*, 2023 WL 2477739, at *2 (S.D. Tex. Mar. 13, 2023).

Regarding the paralegal fees, Plaintiff's counsel requests a rate of $100.00 for 2021 and $100.00 for 2022. [12-2], pg. 2. Under these rates, Plaintiff's counsel requests $410.00 for time in 2021 and $280.00 in 2022 for a total amount of $690.00. [12-2], pg. 2. Courts in this Circuit have frequently approved comparable paralegal awards in the context of the EAJA. *See Nkenglefac*, 64 F.4th at 256 (finding that in light of experience and qualifications, a rate of $100.00 per hour was

---

[1] The database is available at U.S. Bureau of Labor Statistics, Databases, Tables & Calculators by Subject, CPI for Urban Consumers, Southern Region, Size Class B/C https://data.bls.gov/timeseries/CUURN300SA0?amp%%20253bdata_tool=XGtable&output_view=data&include_graphs=true (last visited May 2, 2023) (extrapolating rates based on inflation rate over same period—57.1% increase for 2020, 65.4% for 2021, and 76.5% for 2022).

4

appropriate); *McCullough v. Saul*, No. 18-CV-128, 2019 WL 2774336, at *2 (W.D. Tex. July 2, 2019) (awarding $100.00 per hour for 7.5 hours worked); *Banks v. Berryhill*, No. 18-CV-239, 2019 WL 2084539, at *1 (N.D. Tex. May 13, 2019) (awarding $95.00 per hour for 7.4 hours worked); and *Rasco v. Berryhill*, No. 17-CV-946, 2018 WL 3621054, at *4 (S.D. Tex. June 4, 2018) (awarding $105.00 per hour for 5.6 hours worked). Consequently, the Court finds an award of $690.00 in paralegal fees to be reasonable. Together with the attorney fees, this comes to a total request of $4,311.08.

### C. "Substantially justified"

Even though the Plaintiff's Motion for Attorneys' fees was timely filed, and he is a prevailing party under the EAJA, "[he] is not entitled to attorney fees if the position of the United States was 'substantially justified.'" *Sims v. Apfel*, 238 F.3d 597, 602 (5th Cir. 2001) (quoting § 2412(d)(1)(A)). "'Substantially justified' means 'justified in substance or in the main-that is, justified to a degree that could satisfy a reasonable person.'" *Sims*, 238 F.3d at 602 (quoting *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S. Ct. 2541, 101 L. Ed. 2d 490 (1988)). Notably, the Commissioner has the burden of establishing that its position was substantially justified. *Sims*, 238 F.3d at 602 (citing *Herron v. Bowen*, 788 F.2d 1127, 1130 (5th Cir. 1986)). But here, the Commissioner has advised the Court that there is no objection to the fees requested. [13]. The record reflects that the Commissioner's position was not substantially justified, and the Plaintiff is entitled to an award of attorney's fees under the EAJA.

### II. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the Plaintiff's Motion for Attorney Fees [12] under the Equal Access to Justice Act, 28 U.S.C. § 2412(a) and (d), is

GRANTED. The Plaintiff shall be awarded an attorney fee under the Equal Access to Justice Act in the amount of $4,311.80 reflecting a total of 23.5 hours as well as $35.16 in expenses and $402.00 in costs to be paid separately. *See Astrue v. Ratliff*, 560 U.S. 586, 588, 130 S. Ct. 2521, 177 L. Ed. 2d 91 (2010) (finding that an award of "fees and other expenses" is payable to the litigant rather than their attorney, as the statute "controls what the losing defendant must pay, not what the prevailing party must pay [their] lawyer.").[2]

This, the 29th day of September, 2023.

_____
TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE

---

[2] District courts in the Fifth Circuit have often ordered EAJA awards payable to the plaintiff, even if the plaintiff assigned his or her rights to the award to the attorney. *See, e.g., Carpenter v. Kijakazi*, No. 21-328, 2022 WL 16961122, at *1–2 (E.D. La. Nov. 16, 2022) (ordering EAJA award payable to plaintiff despite assignment agreement); *McCullough v. Saul*, No. SA-18-cv-128-ESC, 2019 WL 2774336, at *2 (W.D. Tex. Jul. 2, 2019) (same); *Dieckow v. Saul*, No. 5-19-cv-796-RBF, 2020 WL 13441547, at *3 (W.D. Tex. Jul. 17, 2020) ("Whether the Commissioner pays the fees award to [plaintiff] directly or in care of her counsel is left to the Commissioner's discretion. [The plaintiff's] assignment of an award to her attorney is a matter left for her and her attorney to resolve."); *Bickel v. Comm'r, Soc. Sec. Admin.*, No. 2:14-cv-41, 2015 WL 296088, at *2 (E.D. Tex. Jan. 21, 2015) ("Plaintiff[']s payment of fees owed [to] his attorney is a matter of the retainer agreement between them.").